UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHASAUN WHITE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　Defendant. | Case No. 1:20-cv-00090-NONE-BAM<br><br>**ORDER VACATING HEARING**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br><br>(Doc. No. 12) |

Currently pending before the Court is Plaintiff Rhasaun White's ("Plaintiff") motion for leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 12.) Defendant United Parcel Service, Inc. ("Defendant") filed an opposition on June 12, 2020. (Doc. No. 14.) Plaintiff filed a reply on June 19, 2020. (Doc. No. 15.)

The Court finds the matter suitable for resolution without oral argument and HEREBY VACATES the hearing set for June 26, 2020. Local Rule 230(g). The matter is deemed submitted.

Having considered the parties' briefs and arguments, as well as the record in this case, Plaintiff's motion for leave to amend shall be GRANTED.

///

1

**BACKGROUND**

On December 17, 2019, Plaintiff filed a complaint against Defendant and Does 1-10 in Fresno Superior Court asserting causes of action for racial discrimination, racial harassment, retaliation, and failure to prevent discrimination, harassment, and retaliation in violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12940, *et seq.* ("FEHA"). (Doc. No. 1-1, Complaint, Ex. A to Declaration of Laura E. Devane.) Plaintiff, an employee of Defendant, alleges that he was subjected to vitriolic racial slurs and other racial harassment, culminating in another employee superimposing a photo of Plaintiff's head onto a photo of a gorilla. (Complaint at ¶¶ 1-2.) Plaintiff further alleges that although he complained about the harassment for months and the supervisor readily admitted to the harassment, Defendant refused to terminate the harasser and, instead, Defendant retaliated against Plaintiff and threatened Plaintiff with a retaliatory termination after he complained. (*Id.* at ¶ 3.)

Defendant answered the complaint and subsequently removed the action to this Court on January 17, 2020. (Doc. No. 1.)

On April 28, 2020, the Court convened a telephonic Scheduling Conference. The Court and parties discussed the case status, including anticipated mediation. The parties agreed to exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure 26 no later than May 20, 2020, to facilitate mediation and early settlement discussions. The Court did not issue a Scheduling Order or set any other discovery deadlines. The Court set a status conference for July 28, 2020. (Doc. No. 11.)

Pursuant to the Joint Scheduling Report, the parties proposed that all motions or stipulations to amend were to be filed by May 12, 2020. (Doc. No.8 at 2.) According to Plaintiff's counsel, Defendant subsequently agreed to extend this date to May 28, 2020. (Doc. No. 12-1, Declaration of Lawrence A. Organ at ¶ 4.)

On May 28, 2020, Plaintiff filed the instant motion seeking leave to file a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Doc. No. 12.) By the motion, Plaintiff seeks leave to file an amended complaint containing allegations that Defendant engaged in a pattern and practice of failing to take "prompt remedial action in response to complaints of

harassment and discrimination." (*Id.* at 1.) Based on the proposed amended complaint, Plaintiff desires to add the following specific allegations in his causes of action for racial harassment, racial discrimination, and failure to prevent discrimination, harassment and retaliation:

> Further, the failure to take prompt and effective remedial action in response to Plaintiff's repeated complaints demonstrates Defendant's pattern and practice of failing to take prompt and effective remedial action in response to complaints of harassment and discrimination.

(Doc. 12-1, Ex. 1 to Declaration of Lawrence A. Organ, Proposed First Amended Complaint at ¶¶ 37, 47, and 66.)

On June 12, 2020, Defendant opposed the motion, arguing that it should be denied for three primary reasons: (1) unreasonable delay; (2) prejudice; and (3) Plaintiff's proposed "pattern and practice" allegations regarding racial harassment, discrimination and retaliation are improper as a matter of law. (Doc. No. 14.)

Plaintiff replied on June 19, 2020, contending that the motion to amend was not unduly delayed, Defendant will not be prejudiced by amendment, and the proposed amendment to add pattern and practice allegations is not futile. (Doc. No. 15.)

**DISCUSSION**

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of

3

amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).

Defendant argues that leave to amend is not warranted because of undue delay, prejudice and futility of amendment. The Court therefore limits its analysis to these factors.

Undue Delay

Defendant first argues that Plaintiff unreasonably delayed in seeking amendment of the complaint. Defendant contends that the proposed pattern and practice allegations would have been known to Plaintiff prior to the filing of his complaint, but Plaintiff waited over five months after initiating this action before seeking leave to amend.

In evaluating undue delay, a court inquires "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006). "Whether there has been 'undue delay' should be considered in the context of (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) whether discovery has closed; and (3) proximity to the trial date." *Wagner v. Cty. of Plumas*, No. 2:18-CV-03105-KJM-DB, 2020 WL 820241, at *4 (E.D. Cal. Feb. 19, 2020) (citations omitted).

Here, the facts underlying the proposed amendment to add pattern and practice allegations arguably were known to Plaintiff at the outset of the case. However, discovery remains open and there are no pending discovery deadlines. Indeed, there is no Scheduling Order in this case setting pre-trial deadlines or a trial date. Although Defendant asserts undue delay because Plaintiff waited five months to seek amendment after initiating this action, the Court finds no undue delay given that discovery is in its infancy and no trial date is set. This factor weighs in favor of granting leave to amend.

Prejudice

Defendant next argues that Plaintiff's unreasonable delay in seeking to amend the complaint prejudices it. Specifically, Defendant contends that, if allowed, Plaintiff's First

Amended Complaint "will dramatically alter the pending and future discovery in this matter." (Doc. No. 14 at 2.)

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice to the opposing party carries the greatest weight in the Rule 15 analysis. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "In evaluating prejudice courts often consider whether relevant deadlines would have to be continued as a result of the new pleading, the stage of discovery at the time of amendment, the extent to which additional discovery would have to be conducted, and the degree to which amendment may delay the proceedings." *Commerce Point Capital, Inc. v. First Data Corp.*, No. 19-CV-556 W (LL), 2020 WL 2991498, at *3 (S.D. Cal. June 4, 2020) (citations omitted).

Defendant has not met its burden to demonstrate prejudice if leave to amend is granted. Although the proposed amendment will result in additional discovery, no relevant deadlines will have to be continued, discovery is in its early stages, and the amendment will not delay the proceedings given that no discovery deadlines or trial date have been set. "[T]he mere need for additional discovery, by itself, does not constitute sufficient prejudice under Rule 15 to withhold leave to amend." *See, e.g., Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 2547115, at *5 (E.D. Cal. June 20, 2019); *Synchronoss Techs., Inc. v. Dropbox Inc.*, No. 16-cv-00119-HSG, 2019 WL 95927, at *3 (N.D. Cal. Jan. 3, 2019). Defendant will have ample time to conduct discovery. This factor therefore weighs in favor of granting leave to amend.

Futility

Defendant's principal argument against amendment is futility. Futility can, by itself, justify denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). The Ninth Circuit has articulated the test for futility as when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997)). However, denial of leave to amend on this ground is rare. *Zurich Am. Ins. Co. of Illinois v. VForce Inc.*, No. 2:18-cv-02066-TLN-CKD,

2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). "Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'" *Id.*

Defendant contends that Plaintiff's pattern and practice allegations regarding racial harassment, discrimination and retaliation are improper as a matter of law because an individual cannot make such a claim. In particular, Defendant asserts that the pattern or practice method of proof set forth in *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 (1977) ("Teamsters"), is not available to an individual plaintiff, citing *Mansourian v. Bd. of Regents*, No. CIV. 2-03-02591-FCD-EFB, 2007 WL 3046034, at **7-8 (E.D. Cal. Oct. 18, 2007), *rev'd on other grounds*, 594 F.3d 1095 (9th Cir.2010), *amended on other grounds*, 602 F.3d 957 (9th Cir.2010) and *Herrera v. SEIU Local 87*, No. CV 10-01888 RS, 2013 WL 12324535, at *5 (N.D. Cal. Sept. 13, 2013).

Citing *Herrera*, Plaintiff counters that a "pattern or practice" case is not a separate cause of action but is instead the statistical method of proof accepted by the Supreme Court in *Teamsters* for cases alleging disparate treatment. (Doc. No. 15 at 4.) Plaintiff claims that this statistical method of proof is not what he is alleging by way of the proposed amendment. Rather, Plaintiff asserts he is simply alleging "that Defendant had a pattern and practice of ignoring or condoning harassment, discrimination and retaliation that contributed to his individual harm and is additional evidence of discriminatory practices." (*Id.*) Plaintiff argues that such allegations are necessary to support his claim for punitive damages. In support, Plaintiff cites *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191, 1204 n. 6 (2005), for the proposition that placing the Defendant's discriminatory conduct into context with its wider business practices or policies "allows an individual plaintiff to demonstrate that the conduct toward him or her was more blameworthy and warrants a stronger penalty to deter continued or repeated conduct of the same nature." (*Id.*) Plaintiff avers that the California Supreme Court has held that a plaintiff's punitive damages award must be reduced where the plaintiff fails to offer evidence that the discriminatory acts towards him "were the product of a corporate culture that encouraged similar [] conduct" or part

6

of a pattern of "repeated corporate misconduct" of a similar nature. *Roby v. McKesson Corp.*, 47 Cal.4th 686, 715-16 (2009).

Plaintiff further counters that even if he intended to invoke the *Teamsters* method of proof, such standard is available in individual cases under Ninth Circuit precedent.  For instance, Plaintiff cites *Obrey v. Johnson*, 400 F.3d 691, 694 (9th Cir. 2005), in which the Ninth Circuit stated that the plaintiff, by "'demonstrating the existence of a discriminatory patter or practice,' [ ] would 'establish[ ] a presumption that [he] had been discriminated against on account of race.'" *Id.* (citations omitted).  Plaintiff also urges that this Court has approved the pattern or practice method of proof in individual cases.  As support, Plaintiff cites *Lambey v. Cal. Dept. of Ins.*, 2:11-cv-02392-KJM-KJN, 2014 WL 268570 (E.D. Cal. Jan. 22, 2014) in which the court cited *Teamsters* and stated, "[a]ssuming plaintiff may maintain a FEHA violation, as under Title VII, on a pattern-or-practice theory, a plaintiff's ultimate burden is to show that 'unlawful discrimination has been a regular procedure or policy followed by' the defendant." *Id.*at *17.

Given the parties' substantive dispute, the Court finds that the ordinary practice of deferring Defendant's challenge to the merits of the proposed First Amended Complaint until after the filing of the amended complaint is appropriate.  Therefore, the Court makes no determination regarding futility of amendment and this factor does not weigh against leave to amend.

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a First Amended Complaint (Doc. No. 12) is GRANTED.

2. Within seven (7) days of the date of this Order, Plaintiff shall file his First Amended Complaint; and

3. Defendant shall file an answer or other responsive pleading to the First Amended Complaint in compliance with the time frames of the Federal Rules of Civil Procedure and any relevant Local Rules following filing of the First Amended Complaint; and

4. The TELEPHONIC STATUS CONFERENCE currently set for **July 28, 2020, at**

7

**9:00 AM in Courtroom 8 (BAM)** before the undersigned shall remain on calendar. The parties should be prepared to address the amended complaint, the progress of settlement and whether the case should be scheduled.

IT IS SO ORDERED.

Dated:   **June 23, 2020**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE